PER CURIAM.
P.T., the respondent below, appeals from an order of involuntary commitment pursuant to the Baker Act. We affirm in part and reverse in part.
We affirm the order of involuntary commitment. The general master’s report, which provided a summary of the testimony and identified the witnesses who testified regarding P.T.’s transfer to a long-term care facility, satisfies the requirements of Florida Rule of Civil Procedure 1.490(f). See De Clements v. De Clements, 662 So.2d 1276, 1284 (Fla. 3d DCA 1995) (“The written record may consist of a narrative summary of the evidence either prepared by the Master or, as indicated above, by some other person acting in a manner consistent with the Rule.”).
However, we reverse the trial court’s appointment of a guardian advocate. The general master found that P.T. was competent to consent to treatment within the meaning of section 394.467(6)(d), Florida Statutes, and therefore determined that a guardian advocate should not be appointed. As the uncontradicted testimony of P.T.’s treating psychiatrist supports this finding, the trial court erred in rejecting the master’s recommendation. See De Clements, 662 So.2d at 1282 (holding that “a Master’s findings of fact and conclusions of law come to the trial court clothed with a presumption of correctness, and the trial court may only reject these findings and conclusions if they are clearly erroneous or if the Master has misconceived the legal effect of the evidence presented.”) (citations omitted).
AFFIRMED IN PART, REVERSED IN PART.